Kent C. Wilson, Esq. CSB#058652
943 Imperial Avenue
Suite G
Calexico, CA 92231
(760) 357-1193
(619) 923-2677 e-fax.

Attorney for Plaintiffs
RUDY HERNANDEZ and MARTHA HERNANDEZ

FILED

10 MAR 11 AM 10: 18

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                          DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY HERNANDEZ and MARTHA HERNANDEZ, individuals,<br><br>Plaintiff,<br><br>v.<br><br>INDYMAC MORTGAGE SERVICES, a division of ONEWEST BANK, FSB, THE MORTGAGE STORE FINANCIAL, GOLDEN VALLEY LENDING GROUP, SETH TODD, an individual, & DOES 1 through 20,<br><br>Defendants. | Case No.<br><br>'10 CV 0518 H  CAB<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Intentional Misrepresentation<br>2. Breach of Fiduciary Duty<br>3. Violation of CA Financial Code section 4970<br>4. Accounting<br>5. Violations of TILA<br>6. Violation of RESPA<br>7. Violation CA Bus & Prof Code §17200<br>8. Violation of CA Civ Code § 2923.6<br>9. Violation of CA Civ. Code § 2923.5<br>10. Claim for Relief for Quite Title<br><br>**DEMAND FOR JURY** |

COME NOW PLAINTIFFS, RUDY HERNANDEZ and MARTHA HERNANDEZ, individuals, who allege damages and seek equitable relief against the Defendants, and each of them, as follows:

### JURISDICTION & VENUE

1.      Jurisdiction is conferred upon this court pursuant to Title 28, § 1331 as there is a federal question and the lawsuit is based on various federal statutes. Plaintiffs rely on federal statutes 15 U.S.C.A. § 1691 et seq., 15 U.S.C.A. § 1601 et seq., 12 U.S.C.A. § 2601 et seq., and 15 U.S.C.A. §

1

1681, et seq. on which to base their claims.  Venue is conferred as the property is located and all transactions took place and all parties reside within Calexico, California, which is within the boundary of the United States District Court for the Southern District of California.

## PRELIMINARY ALLEGATIONS

2.     At all times relevant herein, Plaintiffs, RUDY HERNANDEZ and MARTHA HERNANDEZ, are the owners of a house in Imperial County whose address is 901 East Fifth Street, Calexico, CA 92231.

3.     At all times relevant herein, Plaintiffs are informed and believe that Defendants, INDYMAC MORTGAGE SERVICES, a division of ONEWEST BANK, FSB, THE MORTGAGE STORE FINANCIAL, GOLDEN VALLEY LENDING GROUP & DOES 1 through 20 (hereinafter "Defendants") is or are a corporation doing business in Imperial County, California and/or the Trustee of that certain Deed of Trust listing Plaintiff as Borrower, which is the subject of this Complaint.

4.     At all times relevant herein, Plaintiffs are informed and believe and thereon allege that DOES 1 through 20, inclusive, true names, identities and capacities, whether individual, corporation, association, partnership or otherwise are at this time unknown to Plaintiffs who therefore sue said Defendants by such fictitious names and will so amend the complaint to show the true names and capacities of such Doe Defendant(s) when the same are ascertained.

5.     At all times relevant herein, Defendant is sued and was acting as principal, employer and/or the agent, servant and employee of said principal(s) or employer(s), and all of the acts performed by them, or their agents, servants and employees, were performed with the knowledge and under the control of said principal(s) or employer(s) and all such acts performed by such agents, servants and/or employers, were performed within the course and scope of their authority.

## STATEMENT OF FACTS

6.     On or about December 13, 2006, Plaintiffs refinanced their house, which was located at 901 East Fifth Street, Calexico, CA 92231 ("Property"), as a primary residence with Defendant THE

2

COMPLAINT OF RUDY AND MARTHA HERNANDEZ
RUDY AND MARTHA HERNANDEZ v INDYMAC MORTGAGE SERVICES, MORTGAGE STORE FINANCIAL AND GOLDEN VALLEY LENDING GROUP

MORTGAGE STORE FINANCIAL (hereinafter "Mortgage Store") and using Defendant Golden Valley Lending Group as a mortgage broker and Defendant Seth Todd as the interviewer.

7.     Plaintiffs were required to state their income as part of the initial loan application process.  Plaintiffs stated their accurate yearly income during their interview with Defendant Golden Valley Lending Group.

8.     Plaintiff's income, however, was misstated on the original 1003 application to an amount significantly larger than Plaintiff's actual income.  Plaintiff's actual income was about $5,000.00 per month, while the stated income on the 1003 application was $8,500.00.

9.     There was no request as to proof of said income and Defendant Mortgage Store did not show Plaintiff what exact amounts were eventually stated with respect to their income in the loan application.

10.    Based on the foregoing and the ultimate loan received, Plaintiffs' debt to income ratio ended up being excessively above the recommended industry standard of 35%.  In fact, the debt to income ration of Plaintiffs was 76.52%.  Based on the amounts inserted in the loan application, Plaintiffs were unable to qualify for their loan based on their actual income, though a loan was in-fact given to Plaintiffs.

11.    Further, during the course of the loan application, the Notice of Right to Cancel in the closing packet failed to state a transaction date or the expiration date of the rescission period, another fact which was apparent on the face of the loan application.

12.    Any and all documents Plaintiffs received also failed to include initial disclosure and final disclosures, which include RESPA, ECOA and FCRA disclosures, along with failing to provide a copy of the California Per Diem Interest Disclosure.

13.    Furthermore, during the refinance, Plaintiffs were qualified by The Mortgage Store using the introductory interest rate, rather than the actual interest rate the loan would eventually adjust to in order to further lower Plaintiff's DTI.  This was also apparent on the face of the loan application.

14.    Defendant, INDYMAC MORTGAGE SERVICES, also known as OneWest Bank, (hereinafter "IndyMac"), subsequently purchased and started to service Plaintiff's loan.

3

15.     IndyMac, however, upon purchasing the loan, failed to determine whether the stated income on the loan was reasonable for the job description, employment history, assets and credit profile presented by the borrower through the information on the 1003 application.

16.     On file were the tax returns of Plaintiffs.  Although IndyMac was in possession of said tax returns upon purchasing the loan, and although said tax returns showed Plaintiff's income to be significantly lower than the income stated on the loan application, Defendant never disclosed this to Plaintiffs and nonetheless purchased and began servicing the loan.

17.     Based on the foregoing facts, Plaintiffs began having difficulty paying their mortgage.

18.     On or about August, 2009, Plaintiffs received a Notice of Sale for their property for the date of December 3, 2009.

19.     Neither thirty (30) days before nor ninety (90) days after the Notice of Default did the Defendants attempt a loan modification "work out" plan, though Plaintiffs were ready and willing to partake in such a plan.

20.     Based on the foregoing, said Property is scheduled to be sold without proper legal notices, causing Plaintiffs to lose their home.

## FIRST CLAIM FOR RELIEF
### (Intentional Misrepresentation)

**MORTGAGE STORE FINANCIAL, SETH TODD AND GOLDEN VALLEY LENDING**

**GROUP**

COME NOW PLAINTIFFS and for a separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows:

21.     Plaintiffs repeat and replead paragraphs 1 through 20 and incorporate the allegations by reference as though fully set-forth herein.

22.     On or about December 13, 2006, Plaintiffs refinanced their primary residence in Calexico, California, located at 901 East Fifth Street, CA 92231 with Defendant The Mortgage Store Financial.

23.     Subsequent to the refinance, Defendant INDYMAC MORTGAGE SERVICES bought the loan.

24.     Upon offering, making, purchasing, or servicing the loan, Defendants never determined the reasonableness of the stated income on the loan application.

25.     Plaintiffs provided their 2004 and 2005 income tax returns upon executing the refinance, which clearly demonstrated their income from years prior, but Defendants ignored said documents.

26.     Defendant Mortgage Store inflated Plaintiff's income to qualify them for a loan they could not otherwise afford.

27.     Defendant IndyMac ignored Plaintiff's obviously inflated income, without disclosing it to them and continued servicing a loan which had a DTI significantly greater than the industry minimum.

28.     In addition, Plaintiff's were initially qualified for the loan based on the introductory interest rate by Mortgage Store.  This was apparent on the face of the loan application which was transferred over to Defendant IndyMac.

29.     Further, as Plaintiffs were never informed by Mortgage Store of their right to rescind the loan within 3 days before closing as required by the Truth in Lending Act ("TILA") 12 CFR § 226.23 (a), (f), or were told of such right, they did not know of their right to rescind the loan.  In addition, Plaintiffs were never disclosed numerous federal safeguards by The Mortgage Store, all of which was ignored by Defendant IndyMac upon purchasing the loan.

30.     At all times relevant herein, Defendants as named herein knew such representations were false and indeed provided documents containing the false statements alleged above, and subsequently purchased and started servicing the loan with the knowledge of those representations.

31.     The false statements were of material facts and for which Defendants as named herein had a legal duty to disclose.

32.     Despite such duty, Defendants as named herein knowingly made such statements with the intent that Plaintiff's rely and purchase and continue making payments on the loan.

33.     Plaintiff's justifiably relied upon the false material statements contained in the documents as stated above.

34.     Within one year, Plaintiff's discovered that the false representations as stated above and as contained in the documents and as made orally were in fact false.

35.     Neither IndyMac nor The Mortgage Store nor any other Defendant, beneficiary, lender or other person holding or claiming title to or any interest in the note secured by the first deed of trust can claim to be a BFP as the errors are on the face of the loan documents and a reasonable review of the loan file would reveal that documents legally required were missing from the loan file.  All successors to the transaction whether as lenders, servicers, beneficiaries, or any person or entity that claims title or an interest in the note underlying the loan took such interest with full notice that the transaction was fraudulent by the very wording on the loan documents and the lack of the statutorily required documents as set forth above.

36.     Plaintiffs are informed and believe and thereon allege that as a legal result of the misrepresentation of Defendants, Plaintiffs have suffered severe emotional distress in an amount in excess of $500,000 or to be proven at trial.

37.     Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with the reckless disregard of Plaintiffs' rights and with the knowledge that the loan was designed for the lender to resell on the securitized market and not made for the purpose of providing appropriate financing to the Plaintiffs.  Such deliberate conduct by the Defendants as stated herein amounts to malice and was carried out in a despicable, deliberate, cold, callous and intentional manner entitling Plaintiffs to recover punitive damages from Defendants in an amount according to proof.

ALL FOR WHICH PLAINTIFFS SEEK DAMAGES AND OTHER RELIEF AS PRAYED.

6

### SECOND CLAIM FOR RELIEF

### (Breach of Fiduciary Duty)

### GOLDEN VALLEY LENDING GROUP AND DOES 1

COME NOW PLAINTIFFS, and for a separate and distinct CLAIM FOR RELIEF for Breach of Fiduciary Duty against Defendants, allege as follows:

38.     Plaintiffs repeat and replead paragraphs 1 through 37 and incorporate the allegations by reference therein as though set forth below.

39.     As described hereinabove, Defendant Golden Valley Lending Group completely overstated Plaintiffs' income and failed to provide all relevant and material disclosures, causing Plaintiffs to be unable to pay their mortgage and ultimately be subject to a Notice of Sale of their home.

40.     By engaging in the conduct hereto described, Defendants breached their fiduciary duty as a mortgage broker to Plaintiffs, by acting dishonestly and failing to disclose material terms that would alter Plaintiffs' loan repayment.

41.     Plaintiffs are informed and believe and thereon allege that as a legal result of this Defendant's conduct, Plaintiffs have suffered economic damages in an amount in excess of $500,000 or to be proven at trial.

42.     Plaintiffs are informed and believe that as a further legal result of this Defendant's conduct, Plaintiffs have suffered severe emotional distress in an amount in excess of $500,000 or to be proven at trial.

43.     Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manner thereby entitling Plaintiffs to recover punitive damages from Defendants in an amount according to proof.

ALL FOR WHICH PLAINTIFFS SEEK DAMAGES AND OTHER RELIEF AS PRAYED.

### THIRD CLAIM FOR RELIEF

### (Violation of California Financial Code § 4970 et seq.)

**GOLDEN VALLEY LENDING GROUP, SETH TODD AND MORTGAGE STORE**

**FINANCIAL**

COME NOW PLAINTIFFS, and for a separate and distinct CLAIM FOR RELIEF for Violation of Predatory Lending laws against Defendants, allege as follows:

44.     Plaintiffs repeat and replead paragraphs 1 through 43 and incorporate the allegations by reference therein as though set forth below.

45.     Plaintiffs are informed and believe and thereon allege that the conduct of Defendants was in violation of California's predatory lending laws, as set forth in Financial Code §4970 et. seq.

46.     As the legal result thereof, Plaintiffs are entitled to special damages and general damages, in an amount currently unknown but according to proof at the time of trial.

47.     Plaintiffs, as the legal result of the actions of the Defendants alleged herein, are entitled to reasonable attorney's fees and costs as the prevailing party pursuant to contract.

48.     Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with the reckless disregard of Plaintiffs' rights.   Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manner thereby entitling Plaintiffs to recover punitive damages from Defendants in an amount according to proof.

ALL FOR WHICH PLAINTIFFS SEEK DAMAGES AND OTHER RELIEF AS PRAYED.

**FOURTH CLAIM FOR RELIEF**

**(Accounting & Violation of RESPA at 12 USCA § 2605 (e))**

**DEFENDANT INDYMAC (ONEWEST BANK)**

COME NOW PLAINTIFFS, and for a separate and distinct CLAIM FOR RELIEF for Accounting against Defendants, allege as follows:

49.     Plaintiffs repeat and replead paragraphs 1 through 48 and incorporate the allegations by reference therein as though set forth below.

50.     At all times relevant herein, payments were received by IndyMac acting as the loan servicer on the loan secured by the first deed of trust recorded against the property.

51.     On or about August 18, 2009, Plaintiffs, through counsel, sent a Qualified Written Request ("QWR") via certified mail to IndyMac pursuant to 12 USCA § 2605 (e) and Regulation X at 24 CFR 3500.  Such request, in summary, sought information on whether or not the loan was in lawful compliance with all federal and state laws regarding disclosure, the identity of all holders of the note secured by the deed of trust, the calculation of the principal and interest, information on the appointment of the trustee and all substitute trustees, documentation of all assignments, transfers or sale of the note, copies of all checks or other evidence of payments made by the Plaintiff, all debits and credits to the Plaintiff's accounts, documentation of all mortgage assignments, accounting of all attorney fees, costs and foreclosure fees, and all late charges assessed to the balance of the loan, an accounting of all monies applied to suspended or forbearance accounts, an accounting of all impounds including taxes and insurance and the fees, charges and commissions paid to all servicers of the account.

52.     Despite the duty of INDYMAC pursuant to RESPA 2605, Defendant did not provide such key information as the identity of the party claiming to hold the note.  Such information is necessary for Plaintiffs to determine if the note still carries a balance such as if it has been paid off by a third party, counter-party insurance or by some government bailout program.

53.     An accounting is necessary, due to Indymac's failure to provide the statutorily required information, to determine if monies are owed to Plaintiffs by way of set-ff to the balance of the mortgage or any future claim to damages claimed by the beneficiary of the note.  All such information is known only to IndyMac and Plaintiffs have no other means to determine if a balance is owed to them.

54.     As a result of the above Plaintiffs request the court to order an accounting of all monies received and expenditures made involving the loan account and the true identity of those claiming to be holders in due course.

55.     As a result of the failure to respond to the QWR Plaintiffs are entitled to actual damages in an amount to be proved as well as statutory damages as Plaintiff are informed and believe that IndyMac has engaged in a pattern and practice of not responding to borrower inquiries.

ALL FOR WHICH PLAINTIFFS SEEK DAMAGES AND OTHER RELIEF AS PRAYED.

## FIFTH CLAIM FOR RELIEF
### (Violations of TILA)

**INDYMAC MORTGAGE SERVICES, THE MORTGAGE STORE FINANCIAL AND DOES 2**

COME NOW PLAINTIFFS, and for a separate and distinct CLAIM FOR RELIEF for Violation of TILA against Defendants, allege as follows:

56.     Plaintiffs repeat and replead paragraphs 1 through 55 and incorporate the allegations by reference therein as though set forth below.

57.     Plaintiffs are informed and believe, and thereon allege, that Defendants, in concert with its agents, have engaged in acts or practices in violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1666j, as amended, including, but not limited to, the Home Ownership and Equity Protection act of 1994 ("HOEPA"), as amended, and TILA's implementing Regulation Z, 12 C.F.R. §226, as amended.

58.     The terms "amount finance," "annual percentage rate," "closed-end credit," "consumer," "consumer credit," "consummation," "credit," "creditor," "dwelling," "finance charge," "mortgage," "open-end credit," "payment schedule," "points and fees," "residential mortgage transaction," "reverse mortgage transaction," "security interest," and "total of payments" are defined as set forth in Sections 103 and 128 of TILA, 15 U.S.C. §§ 1602 and 1638, and Sections 226.2, 226.4, 226.18, 226.22, 226.32, and 226.33 of Regulation Z, 12 C.F.C. §§ 226.2, 226.4, 226.18, 226.22, 226.32, and 226.33.

59.     The term "Regulation Z" means the regulation of the FRB promulgated to implement TILA and HOEPA, 12 C.F.R. 226, as amended.   The term also includes the FRB Official Staff Commentary on Regulation Z, 12 C.F.R. 226, Supp.1, as amended.

60.     The term "TILA" means the Truth in Lending Act, 15 U.S.C. §§ 1601-1666j, as amended.   TILA, which took effect on July 1, 1969, is intended to promote the informed use of consumer credit by requiring creditors to disclose credit terms and costs, requiring additional disclosures for loans secured by consumers' homes, and permitting consumers to rescind certain transactions that involve their principal dwellings.

61.     Plaintiffs are informed and believe, and thereon allege, that Defendant is a "creditor," as that term is defined in Section 103(f) of TILA, 15 U.S.C. § 1602(f), and Section 226.2(a)(17) of Regulation Z, 12 C.F.R. § 226.2(1)(17), and therefore is required to comply with applicable provisions of TILA, HOEPA, and Regulation Z.  The loan defendants are servicing to Plaintiffs in this action was a HOEPA mortgage loan.

62.     Plaintiffs are informed and believe, and thereon allege, that in the course and conduct of offering, making, purchasing and servicing the TILA mortgage loan of Plaintiffs, Defendants violated the requirements of TILA and Regulation Z by failing to make required disclosures in the following respects by:

(a)     failing to disclose in writing the right of rescission three days prior to closing in violation of 12 C.F.R. § 226.23 (a), (f);

(b)     failing to disclose in writing the annual percentage, in violation of Regulation Z, 12 C.F.R. § 226.22 (a)(2), (4);

(c )    Failing to make written disclosures of the amount being financed in violation of Regulation Z, 12 C.F.R. § 226.31(b) and (C)(1).

(d)     failing to disclose in writing the correct amount of the monthly payments after 36 months in violation of Regulation Z, 12 C.F.R. § 226.18(f) (1).

63.     Plaintiffs are additionally informed and believe, and thereon allege, that in the course and conduct of offering, making, purchasing and servicing the mortgage loan of Plaintiffs, Defednants violated the requirements of Regulation Z prohibiting asset-based lending, by engaging in a pattern or practice of extending such credit to Plaintiffs, based on Plaintiff's collateral rather than considering Plaintiffs' current and expected income, current obligations, and employment status to determine whether the consumer is able to make the scheduled payments to repay the obligation, in violation of Section 129(h) of TILA, 15 U.S.C. § 1639(h), and Section 226.32(e)(1) of Regulation Z, 12 C.F.R. § 226.32(e)(1).

11

64.     Plaintiffs have suffered, and will continue to suffer, substantial injury as a result of Defendants' violations of TILA, as set forth above.

65.     Plaintiffs are informed and believe, and thereon allege, that as a result of the conduct of Defendants, Plaintiffs are entitled to rescind the loan transaction, recover certain amounts already paid, including interest, finance charges and closing costs, offset these damages against amounts owing on the loan, and collect statutory damages and attorney fees.

ALL FOR WHICH PLAINTIFFS SEEK DAMAGES AND OTHER RELIEF AS PRAYED.

### SIXTH CLAIM FOR RELIEF
### (Violation of RESPA)

**INDYMAC MORTGAGE SERVICES, THE MORTGAGE STORE FINANCIAL AND DOES 2**

COME NOW PLAINTIFFS, and for a separate and distinct CLAIM FOR RELIEF for Violation of RESPA against Defendants, allege as follows:

66.     Plaintiffs repeat and replead paragraphs 1 through 70 and incorporate the allegations by reference therein as though set forth below.

67.     In creating the loan Defendants have engaged in acts or practices in violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C.A. § § 2601 et seq.

68.     The terms "federally related mortgage loan," "creditor," "thing of value," "settlement services," "title insurance company," "person," "Secretary," "affiliated business arrangement," and "associate" are defined as set forth in 12 U.S.C.A. § 2602.

69.     The term "RESPA loan" means any loan (other than temporary financing such as a construction loan) which is secured by a first or subordinate lien on residential real property (including individual units of condominiums and cooperatives) designed principally for the occupancy of from one to four families, including any such secured loan, the proceeds of which are used to prepay or pay off an existing loan secured by the same property; and is made in whole or in part by any lender the deposits or accounts of which are insured by any agency of the Federal Government, or is made in whole or in part by any lender which is regulated by any agency of the Federal Government, or is made in whole or in

12

part, or insured, guaranteed, supplemented, or assisted in any way, by the Secretary or any other officer or agency of the Federal Government or under or in connection with a housing or urban development program administered by the Secretary or a housing or related program administered by any other such officer or agency; or is intended to be sold by the originating lender to the Federal National Mortgage Association, the Government National Mortgage Association, the Federal Home Loan Mortgage Corporation, or a financial institution from which it is to be purchased by the Federal Home Loan Mortgage Corporation; or is made in whole or in part by any "creditor", as defined in section 1602(f) of Title 15, who makes or invests in residential real estate loans aggregating more than $1,000,000 per year.  12 U.S.C.A. § 2602 (A) & (B)(i)(ii)(iii)(iv).

      70.     Plaintiffs are informed and believe, and thereon allege, that in the course and conduct of offering, making, purchasing and servicing the RESPA mortgage loan of Plaintiffs, Defendants violated the requirements of RESPA by failing to do the following:

     (a)     Initial Good Faith Estimate;

     (b)     Final Good Faith Estimate:

     (c)     Affiliated Business Arrangement Disclosure;

     (d)     Escrow Account Disclosure

     (e)     HUD-1 Settlement Statement

      71.     Plaintiffs are informed and believe, and thereon allege, that as a result of the conduct of defendants, Plaintiffs are entitled to rescind the loan transaction, recover certain amounts already paid, including interest, finance charges and closing costs, offset these damages against amounts owing on the loan, and collect statutory damages and attorney fees.

     ALL FOR WHICH PLAINTIFFS SEEK DAMAGES AND OTHER RELIEF AS PRAYED.

### SEVENTH CLAIM FOR RELIEF

**(Violation of California Business and Professions Code § 17200 et seq.)**

**THEMORTGAGE STORE FINANCIAL**

     COME NOW PLAINTIFFS, and for a separate and distinct CLAIM FOR RELIEF for Violation of California Business and Professions Code against Defendants, allege as follows:

72.     Plaintiffs repeat and replead paragraphs 1 through 71 and incorporate the allegations by reference therein as though set forth below.

73.     Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned, each of the Defendants sued herein was the agent and/or employee of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency and employment.

74.     Plaintiffs are informed and believe and thereon allege that, by reason of Defendants' fraudulent, deceptive, unfair and other wrongful conduct as herein alleged, said Defendants have violated California Business and Professions Code § 17200 et seq. by consummating an unlawful, unfair and fraudulent business practice, designed to mislead Plaintiffs concerning the cost and pahyment terms of their loan.

75.     Within 4 years past and by reason of the foregoing, such defects in the loan documents and misleading representations had the legal result of threatening the possession of Plaintiffs of their home and causing Plaintiffs to pay monies as payment toward the note for which Plaintiffs seek restoration of their home and disgorgement of all monies paid toward their mortgage.

ALL FOR WHICH PLAINTIFFS SEEK DAMAGES AND OTHER RELIEF AS PRAYED.

## EIGHTH CLAIM FOR RELIE

### (Violation of California Civil Code § 2923.6)

### DEFENDANT INDYMAC MORTGAGE SERVICES AND DOES 3

COME NOW PLAINTIFFS, and for a separate and distinct CLAIM FOR RELIEF for Violation of California Civil Code § 2923.6 against Defendants, allege as follows:

76.     Plaintiffs repeat and replead paragraphs 1 through 75 and incorporate the allegations by reference therein as though set forth below.

77.     Plaintiffs are informed and believe, and thereon allege, that at no time during the course of the foreclosure process, nor anytime leading up thereto, was a realistic attempt at a loan modification made by Defendants.

78.     Defendants, as a servicer under a pooling and servicing agreement, were required to implement a loan modification plan if said loan was in payment default or default was reasonably

foreseeable and where anticipated recovery under the modification exceeds the anticipated recovery through foreclosure.

79.    As described hereinabove, Plaintiffs were unable to make said loan payments as were initially required, but were able to make payments under a modified payment plan, thus allowing them to retain their home and providing the Defendants with a higher recovery than through the foreclosure process.

80.    Based on the foregoing, Plaintiffs are entitled to reasonable attorney's fees and costs as the prevailing party under the loan agreement.

ALL FOR WHICH PLAINTIFFS SEEK DAMAGES AND OTHER RELIEF AS PRAYED.

## NINTH CLAIM FOR RELIEF

### (Violation of California Civil Code § 2923.5)

### DEFENDANT INDYMAC

COMES NOW PLAINTIFFS, and for a separate and distinct CLAIM FOR RELIEF for Violation of California Civil Code § 2923.5 against Defendants, allege as follows:

81.    Plaintiffs repeat and re-plead paragraphs 1 through 80 and incorporate the allegations by reference therein as though set forth below.

82.    Plaintiffs are informed and believe and thereon allege that Defendants failed to assess the Plaintiffs' financial situation and explore options for Plaintiffs to avoid foreclosure, thirty (30) days prior to filing the Default.

83.    Defendants are required to refrain from filing a Default and proceeding with the foreclosure process until after thirty (30) days has passed from the time they attempted to assess the financial situation of the Plaintiffs and attempt a "work out" plan.

84.    Further, Defendants were required to reasonably describe any and all due diligence they took in efforts to contact the Plaintiff thirty (30) days before filing the Default.

85.    As evidenced in the facts hereinabove, Plaintiffs' home is an owner-occupied residence and thus the principal residence of the borrower.

15

86.     Plaintiffs are informed and believe, and thereon allege, that as a result of the conduct of defendants, Plaintiffs are entitled to rescind the loan transaction, recover certain amounts already paid, including interest, finance charges and closing costs, offset these damages against amounts owing on the loan, and collect statutory damages and attorney fees.

ALL FOR WHICH PLAINTIFFS SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

**TENTH CLAIM FOR RELIEF**

**(Action to Quiet Title)**

**AGAINST INDYMAC AND DOES 4**

COME NOW PLAINTIFFS, and for a separate and distinct CLAIM FOR RELIEF to quiet title, allege as follows:

87.     Plaintiffs repeat and re-allege paragraphs 1 through 86 and incorporate the allegations by reference herein as though fully set forth.

88.     Plaintiffs are the joint owners, in fee of title to property commonly known as 901 East Fifth Street, Calexico, CA, 92231 legally described as follows:

**LEGAL DESCRIPTION:**

**PARCEL ID NUMBER: 058-465-026-000: Lot 13, Block 25-C in Eastside addition to the City of Calexico, being a replat of part of block 25, eastside addition, in the City of Calexico, County of Imperial, State of California, according to Map on file in Book 7 page 10, of Official Maps, in the Office of the County Recorder of said County.**

89.     Defendants claim and assert interests in the above-described real property which are adverse to Plaintiffs'.  The claims of Defendants are based on the declared default of the deed of trust in the first position that was the basis underlying the Notice of Sale.

90.     The TD is invalid and void as to Plaintiffs because Plaintiffs have rescinded the loan agreement, the loan modification agreement, if any, and the note and TD with Defendants, as applicable. Plaintiffs intend that this Complaint be deemed a notice of said rescission when served on said Defendants.  Pursuant to said rescission and the provisions of CA Civil Code §§1691 and 1692, Plaintiffs are willing and able and hereby offer to tender any and all amounts due to any of said Defendants, upon condition that said Defendants do likewise, as said amounts are determined in a

16

judgment by this court. As a result of said rescission, Plaintiffs hereby demand that the Trustee's Sale be retracted, and Plaintiffs allege that the note and TD have been cancelled and are void and that Defendant DOE 1 and the other Defendants, as applicable, no longer have any right to possess Plaintiffs' home. Further, Plaintiffs are entitled to offsets against the note that is secured by the TD, and these offsets are greater in amount than the sum that would otherwise be due under the note, such that Defendants' claims to the property are released.

91.     Plaintiffs seek to quiet title as of the date this complaint is filed.

ALL FOR WHICH PLAINTIFFS SEEK DAMAGES AND OTHER RELIEF AS PRAYED.

ALL FOR WHICH PLAINTIFFS PRAY AS FOLLOWS:

**On the First Claim for Relief for Intentional Misrepresentation:**

1.  Compensatory damages in an amount in excess of $500,000, or to be proven at trial;

2.  General damages in an amount in excess of $500,000, or to be proven at trial;

3.  Punitive damages in an amount to be proven at trial;

**On the Second Claim for Relief for Breach of Fiduciary Duty:**

1.  Compensatory damages in an amount in excess of $500,000, or to be proven at trial;

2.  General damages in an amount in excess of $500,000, or to be proven at trial;

3.  Punitive damages in an amount to be proven at trial;

**On the Third Claim for Relief of Violation of CA Financial Code § 4970:**

1.  Actual damages in an amount to be proven at trial;

2.  Punitive damages in an amount to be proven at trial;

**On the Fourth Claim for Relief for an Accounting:**

1.  The court render an accounting between the parties, determining the amount, if any, actually due and owing from Plaintiffs.

**On the Fifth Claim for Relief for Violations of TILA:**

1. Rescission;

2. Damages;

3. Offset of amounts owing;

**On the Sixth Claim for Relief for Violations of RESPA:**

1. Rescission;

2. Damages;

3. Offset of amounts owing;

**On the Seventh Claim for Relief for Violation of CA Bus & Prof Code §17200 et seq.:**

1. General damages in an amount to be proven at trial;

2. Special damages in an amount to be proven at trial;

**On the Eighth Claim for Relief for Violation of CA Civil Code § 2923.6:**

1. General damages in an amount to be proven at trial;

2. Special damages in an amount to be proven at trial;

**On the Ninth Claim for Relief for Violation of CA Civil Code § 2923.5:**

1. General damages in an amount to be proven at trial;

2. Special damages in an amount to be proven at trial;

3. Rescission;

**On the Tenth Claim for Relief for Quiet Title:**

1. Judgment that Plaintiffs are the owners in fee simple of the property and that Defendants have no interest in the properties adverse to Plaintiffs;

**On all Claims for Relief:**

1. Costs of suit;

2. Attorneys fees; and

3. Such other relief as the court deems just and proper.

DATED: 3/11/10

KENT C. WILSON

By: _____
for  Kent C. Wilson
     Attorney for Plaintiffs

19

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

RUDY HERNANDEZ AND MARTHA HERNANDEZ

**DEFENDANTS**

INDYMAC / ONEWEST BANK, FSB, THE MORTGAGE STORE FINANCIAL, GOLDEN VALLEY LENDING GROUP,

**(b)** County of Residence of First Listed Plaintiff   **Imperial County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Imperial County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Law Office of Kent Wilson, 943 Imperial Avenue, Suite G, Calexico, CA 92231, 760-357-1193

Attorneys (If Known)

'10 CV 0518 H   CAB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☒ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
RESPA, TILA, INTENTIONAL MISREPRESENTATION  15:1601 eq

Brief description of cause:
NONDISCLOSURES OF REQUIRED DOCUMENTS, MISREPRESENTATION

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE
03/11/2010

SIGNATURE OF ATTORNEY OF RECORD
for Kent C. Wilson

FOR OFFICE USE ONLY

RECEIPT # 11039   AMOUNT $350—   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

PB 03-11-10

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS011039
Cashier ID: mbain
Transaction Date: 03/11/2010
Payer Name: KENT WILSON
---------------------------------
CIVIL FILING FEE
 For: HERNANDEZ V INDYMAC
 Case/Party: D-CAS-3-10-CV-000518-001
 Amount:        $350.00
CERTIFICATION OF DOCUMENT
 For: HERNANDEZ V INDYMAC
 Amount:        $9.00
---------------------------------
CHECK
 Check/Money Order Num: 2459
 Amt Tendered:  $359.00
---------------------------------
Total Due:      $359.00
Total Tendered: $359.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```